TRINETTE G. KENT (State Bar No. 222020)
3219 E Camelback Rd, #588
Phoenix, AZ 85018
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@kentlawpc.com

*Attorneys for Plaintiff,*
*Donna McCloud*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| DONNA MCCLOUD,<br><br>                Plaintiff,<br><br>vs.<br><br>DISCOVER BANK, PORTFOLIO RECOVERY ASSOCIATES, LLC., EQUIFAX INFORMATION SERVICES LLC and EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>                Defendants. | Case No.:<br><br>**VERIFIED COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

Donna McCloud ("Plaintiff"), by and through the undersigned counsel, with knowledge as to Plaintiff's own acts, and investigation of counsel as to the acts of others, believing that further investigation and discovery will confirm that such allegations have substantial evidentiary support, brings this action against Defendants, DISCOVER BANK ("Discover"), PORTFOLIO RECOVERY

ASSOCIATES, LLC ("Portfolio"), EQUIFAX INFORMATION SERVICES LLC ("Equifax") and EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") (collectively "Defendants"), and alleges as follows:

## **PRELIMINARY STATEMENT**

1.    Plaintiff brings this action against Defendants for damages resulting from their violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA").

2.    "Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681 (a)(1). "Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers." 15 U.S.C. § 1681 (a)(3). "There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right of privacy." 15 U.S.C. § 1681 (a)(4).

3.    Consumer reporting agencies are to "[]adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information …" 15 U.S.C. § 1681 (b).

4.      The FDCPA was enacted to eliminate abusive debt collection practices by debt collectors.

### JURISDICTION

5.      Jurisdiction is proper under 28 U.S.C. § 1331, and 15 U.S.C. § 1681p (FCRA) as this action arises under the laws of the United States.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as Plaintiff resides in this district and a substantial part of the acts and omissions giving rise to the claims occurred within this judicial district.

### PARTIES

7.      Plaintiff Donna McCloud is a natural person who resides in Garden Grove, California.

8.      Defendant Discover is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. § 1681s-2(b). Discover is headquartered at 2500 lake Cook Rd, Riverwoods, Illinois 60015 and its Registered Agent for service of process in California is CT Corporation System, 330 N Brand Blvd, Suite 700, Glendale, CA 91203.

9.      Defendant Equifax is a corporation with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309. Its registered agent is The Prentice-Hall Corporation System, Inc. 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

10.    Equifax is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's creditworthiness, credit standing, or credit capacity.

11.    Defendant Experian is an Ohio corporation with its principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626. Its registered agent is C T Corporation System, 330 N. Brand Blvd., Suite 700, Glendale, CA 91203.

12.    Experian is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's creditworthiness, credit standing, or credit capacity.

13.    Defendant Portfolio is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. § 1681s-2(b) and a debt collector as defined by the FDCPA with its headquarters at 120 Corporate Blvd., Norfolk, VA 23502. Its registered agent is CSC Lawyers Incorporating Service at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

14.    Defendants regularly conduct business in California.

## FACTS

15.    Plaintiff is a consumer who filed a Chapter 7 Bankruptcy proceeding in April of 2019, which was fully discharged in August of 2019.

16.    Among the debts covered by Plaintiff's Bankruptcy were $14,819 in

- 4 -

debt owed to Discover and $5,221 in debt with regard to which Portfolio is acting as

a debt collector for Capital One Bank.

17.    Plaintiff is the mother and primary caregiver for her daughter, a person

with special needs who requires a handicap accessible van for transportation

including to and from facilities which supply necessary medical assistance for her

daughter.

18.    In 2021, Plaintiff began the process of attempting to obtain financing to

purchase a handicap accessible van to assist in caring for her daughter.

19.    In reviewing her credit reports, it was noticed that several debts which

had been discharged by the Bankruptcy were still appearing on her credit reports as

having a balance owed.

20.    Among the discharged debts that still appeared on Plaintiff's credit

reports were debts to Discover and Portfolio totaling over $20,000. The Discover and

Portfolio tradelines are false. Plaintiff does not owe the amounts showing in the

tradelines because the debts were discharged in bankruptcy.

21.    In or around 2021, Plaintiff applied for a loan from Bank of America in

order to purchase a handicap accessible van. Bank of America denied her the loan in

whole or in part because of the $20,000 in discharged debts, which still appeared on

her credit reports.

22.    Plaintiff has spoken to credit industry professionals who have advised

her that she likely will not qualify for a loan to purchase a handicap accessible van as

VERIFIED COMPLAINT

long as the $20,000 in discharged debts appear on her credit reports or that she will

only qualify for a loan at a higher interest rate than would be the case in the absence

of the erroneous Discover and Portfolio tradelines.

**Plaintiff's Discover Disputes**

23.     Plaintiff caused written disputes to be sent to credit reporting agencies

Equifax, Experian, and Trans Union in an effort to remove the $14,819 Discover

tradeline from her credit reports.

24.     On July 29, 2021, September 9, 2021, October 13, 2021, and November

23, 2021 (on this date via certified mail), written disputes were sent to Experian,

Equifax, and TransUnion requesting investigation and removal of the Discover

tradeline. All but the July disputes included copies of Federal Bankruptcy Court

paperwork evidencing the discharge of the Discover debt in Plaintiff's bankruptcy.

25.     The November 23, 2021 certified mail dispute was delivered to Experian

on November 30, 2021, at 4:11 p.m. pursuant to USPS tracking number

70200090000160509616. The delivery via certified mail to Equifax was

unsuccessful.

26.     The November 23, 2021 dispute caused Trans Union to remove the

Discover tradeline from its reports; Equifax and Experian did not remove the

Discover tradeline from Plaintiff's credit reports.

27.     On January 18, 2022, Plaintiff caused a fifth set of written disputes to be

sent via certified mail to credit reporting agencies Equifax and Experian in an effort

to remove the Discover tradeline from her credit reports. The disputes again included copies of paperwork evidencing the discharge of the Discover debt in Plaintiff's bankruptcy.

28.    The January 18, 2022 dispute was delivered via certified mail to Experian on January 25, 2022, at 5:41 p.m. pursuant to USPS tracking number 70200090000160509715.

29.    The January 18, 2022 dispute was delivered via certified mail to Equifax on January 23, 2022, at 5:59 a.m. pursuant to USPS tracking number 70200090000160509708.

30.    On information and belief, Equifax and Experian forwarded Plaintiff's dispute letters—pursuant to the requirements of the FCRA—to Discover so that Discover could investigate Plaintiff's disputes.

31.    In fact, no investigation was even necessary to assess the falsity of the Discover tradeline, as paperwork evidencing that the $14,819 Discover debt had been discharged in Plaintiff's bankruptcy was included with the disputes, and it was therefore apparent on the face of the dispute that the Discover tradeline was inaccurate.

32.    Nevertheless, even after five rounds of disputes, including two sent via certified mail, Discover, Equifax, and Experian improperly verified the erroneous $14,819 Discover tradeline as accurate.

VERIFIED COMPLAINT

**Plaintiff's Portfolio Disputes**

33.     Plaintiff caused written disputes to be sent to credit reporting agencies Equifax, Experian, and Trans Union in an effort to remove the $5,221 Portfolio collection tradeline from her credit reports.

34.     On July 29, 2021, written disputes were sent to Experian, Equifax, and TransUnion requesting investigation and removal of the Portfolio collection tradeline.

35.     In response to this round of disputes, Equifax removed the Portfolio tradeline from Plaintiff's report.

36.     On September 9, 2021, and October 13, 2021, written disputes were sent to Experian and Trans Union requesting investigation and removal of the Portfolio tradeline. These disputes included copies of Federal Bankruptcy Court paperwork evidencing the discharge of the Discover debt in Plaintiff's bankruptcy. Neither Experian nor Trans Union removed the Portfolio tradeline in response to these disputes.

37.     On November 23, 2021, Plaintiff caused disputes to be sent via certified mail to Experian and Trans Union requesting the investigation and removal of the Portfolio collection tradeline.

38.     In response to the November 23, 2021 dispute, Trans Union removed the Portfolio tradeline from Plaintiff's credit report.

39.     The November 23, 2021 certified mail dispute was delivered to Experian on November 30, 2021, at 4:11 p.m. pursuant to USPS tracking number

VERIFIED COMPLAINT

70200090000160509616.

40.    Experian did not remove the Portfolio tradeline from Plaintiff's credit report in response to the November 23, 2021 dispute.

41.    On January 18, 2022, Plaintiff caused a fifth written dispute to be sent – for the second time via certified mail - to Experian in an effort to remove the Portfolio tradeline from her credit reports. The disputes again included copies of Federal Bankruptcy Court paperwork evidencing the discharge of the Portfolio debt in Plaintiff's bankruptcy.

42.    The January 18, 2022 dispute was delivered via certified mail to Experian on January 25, 2022, at 5:41 p.m. pursuant to USPS tracking number 70200090000160509715.

43.    Nevertheless, even after five rounds of disputes, including two sent via certified mail, Experian did not remove the false and misleading Portfolio tradeline from Plaintiff's credit reports, and would-be creditors are assessing Plaintiff's viability for a loan using false information provided by Portfolio.

44.    On information and belief, Experian forwarded Plaintiff's dispute letters—pursuant to the requirements of the FCRA—to Portfolio so that Portfolio could investigate Plaintiff's disputes.

45.    In fact, no investigation was even necessary to assess the falsity of the Portfolio tradeline, as paperwork evidencing that the Portfolio debt has been discharged in Plaintiff's bankruptcy was included with the disputes, and it was

therefore apparent on the face of the dispute that the Portfolio tradeline was inaccurate.

46.   Nevertheless, even after five rounds of disputes, including two sent via certified mail, Portfolio and Experian improperly verified the $5,221 Portfolio collection tradeline as accurate.

47.   Portfolio and Experian did not use sufficiently rigorous thresholds to investigate, or re-investigate, Plaintiff's disputes, failed to review the materials that Plaintiff sent to them, and as a result left the erroneous reporting of debts discharged by bankruptcy on Plaintiff's credit reports, which has damaged her.

48.   Despite Plaintiff's lawful requests for removal of the disputed Discover and Portfolio items pursuant to the FCRA, Discover, Portfolio, Experian, and Equifax failed to investigate certain of Plaintiff's disputes and failed to remove certain disputed, derogatory, and erroneous items totaling over $20,000 from Plaintiff's credit reports.

49.   Upon information and belief, Discover, Portfolio, Experian, and Equifax failed to evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make sufficient—if any—attempts to remove certain disputed items within a reasonable time following Defendants' receipt of Plaintiff's disputes regarding these items.

50.   The Defendants' actions have damaged Plaintiff financially. In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer embarrassment,

humiliation, and emotional distress.

51.    Plaintiff has been denied a loan for a specialized vehicle necessary for the care of her daughter due to Defendants' failure to remove the disputed items from Plaintiff's credit reports. If Plaintiff is able to obtain a car loan, it will be on terms less favorable to her than would be the case in the absence of the erroneous Portfolio and Discover tradelines.

52.    Plaintiff has suffered damages proximately caused by the conduct of Discover, Portfolio, Experian, and Equifax, including:

      i.      Emotional distress, damage to reputation, humiliation, guilt, stress, anxiety, frustration, mental pain, anguish, distress, and loss of focus and production;

      ii.      Time and expense of pulling/reviewing credit reports and sending dispute letters to Equifax, Experian, and Trans Union;

      iii.      Believing that the Discover and Portfolio accounts may continue to be reported inaccurately and misleadingly through no fault of Plaintiff and have a chilling effect on her ability to obtain credit;

      iv.      Adverse information on Plaintiff's credit reports and a negative impact to Plaintiff's credit rating;

      v.      An inability to improve Plaintiff's credit score during the dispute process;

      vi.      A denial of credit;

      vii.      Invasion of privacy;

      viii.      A lower credit score; and

      ix.      Having to hire attorneys to combat the improper credit reporting.

VERIFIED COMPLAINT

**Count I – Equifax**
**Violations of FCRA §§ 1681e(b) and 1681i**

53.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

54.    A "consumer reporting agency" is defined by the FCRA as follows:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

*See* 15 U.S.C. § 1681a(f).

55.    Equifax is a consumer reporting agency as defined by Section 1681a(f) of the FCRA.

56.    Equifax violated 15 U.S.C. § 1681e(b) by its conduct, acts, and omissions in failing to establish or to follow reasonable procedures to assure maximum possible accuracy of information concerning Plaintiff in the preparation and publication of Plaintiff's consumer reports.

57.    Equifax violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions, including, but not limited to, the following:

a.    failing to (i) conduct a reasonable reinvestigation of Plaintiff's disputes concerning all items of information that Plaintiff disputed, and (ii) record the correct status of the disputed

VERIFIED COMPLAINT

information or delete the disputed information from Plaintiff's credit file, in violation of § 1681i(a)(1);

b. failing to delete the erroneous items from Plaintiff's Equifax credit file within the 30-day period of receiving Plaintiff's disputes, in violation of § 1681i(a)(1);

c. failing to provide Plaintiff's disputes to the companies that provided the information to Equifax within 5 business days, in violation of § 1681i(a)(2);

d. failing to review and consider all relevant information submitted by Plaintiff concerning Plaintiff's dispute, in violation of § 1681i(a)(4); and

e. failing to properly delete items of disputed information from Plaintiff's credit file that Equifax could not have verified upon a lawful reinvestigation in violation of § 1681i(a)(5).

58.  These violations of §§ 1681e(b) and 1681i were willful, rendering Equifax liable for statutory damages, actual damages, costs, and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

59.    In the alternative, Equifax's violations of §§ 1681e(b) and 1681i were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to § 1681o.

VERIFIED COMPLAINT

## Count II – Experian
### Violations of FCRA §§ 1681e(b) and 1681i

60. Plaintiff incorporates the paragraphs prior to Count I as though fully set forth herein.

61. A "consumer reporting agency" is defined by the FCRA as follows:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

*See* 15 U.S.C. § 1681a(f).

62. Experian is a consumer reporting agency as defined by Section 1681a(f) of the FCRA.

63. Experian violated 15 U.S.C. § 1681e(b) by its conduct, acts, and omissions in failing to establish or to follow reasonable procedures to assure maximum possible accuracy of information concerning Plaintiff in the preparation and publication of Plaintiff's consumer reports.

64. Experian violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions, including, but not limited to, the following:

  a. failing to (i) conduct a reasonable reinvestigation of Plaintiff's disputes concerning all items of information that Plaintiff disputed, and (ii) record the correct status of the disputed information or delete

the disputed information from Plaintiff's credit file, in violation of § 1681i(a)(1);

b.   failing to delete the erroneous items from Plaintiff's Experian credit file within the 30-day period of receiving Plaintiff's disputes, in violation of § 1681i(a)(1);

c.   failing to provide Plaintiff's disputes to the companies that provided the information to Experian within 5 business days, in violation of § 1681i(a)(2);

d.   failing to review and consider all relevant information submitted by Plaintiff concerning Plaintiff's dispute, in violation of § 1681i(a)(4); and

e.   failing to properly delete items of disputed information from Plaintiff's credit file that Experian could not have verified upon a lawful reinvestigation in violation of § 1681i(a)(5).

65.   These violations of §§ 1681e(b) and 1681i were willful, rendering Experian liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

66.   In the alternative, Experian's violations of §§ 1681e(b) and 1681i were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to § 1681o.

## Count III - Discover
### Violations of FCRA § 1681s-2(b)

67.    Plaintiff incorporates the paragraphs prior to Count I as though fully set forth herein.

68.    Pursuant to 15 U.S.C. § 1681s-2(b)(1)(A), after Discover receives notice of a "dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, [Discover] shall conduct an investigation with respect to the disputed information."

69.    Pursuant to 15 U.S.C. § 1681s-2(b)(1)(A), after Discover receives notice of a "dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, [Discover] shall review all relevant information provided by the consumer reporting agency…"

70.    Discover failed to fully and properly investigate Plaintiff's disputes relating to the debt discharged by her bankruptcy.

71.    Discover failed to review all relevant information provided by Equifax, Experian, and Trans Union relating to Plaintiff's disputes.

72.    Discover's conduct, action, and inaction were willful, or, in the alternative, negligent.

73.    Plaintiff suffered embarrassment, humiliation, and emotional distress because of Discover's failure to fully and properly investigate Plaintiff's disputes.

VERIFIED COMPLAINT

## Count IV - Portfolio
## Violations of FCRA § 1681s-2(b)

74.     Plaintiff incorporates the paragraphs prior to Count I as though fully set forth herein.

75.     Pursuant to 15 U.S.C. § 1681s-2(b)(1)(A), after Portfolio receives notice of a "dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, [Portfolio] shall conduct an investigation with respect to the disputed information."

76.     Pursuant to 15 U.S.C. § 1681s-2(b)(1)(A), after Portfolio receives notice of a "dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, [Portfolio] shall review all relevant information provided by the consumer reporting agency…"

77.     Portfolio failed to fully and properly investigate Plaintiff's disputes relating to the debt discharged by her bankruptcy.

78.     Portfolio failed to review all relevant information provided by Equifax, Experian, and Trans Union relating to Plaintiff's disputes.

79.     Portfolio's conduct, action, and inaction were willful, or, in the alternative, negligent.

80.     Plaintiff suffered embarrassment, humiliation, and emotional distress because of Portfolio's failure to fully and properly investigate Plaintiff's disputes.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Count V—Portfolio
### Violation of the FDCPA

81.    Plaintiff incorporates the paragraphs prior to Count I as though fully set forth herein.

82.    The foregoing acts and omissions of Defendant Portfolio constitute violations of the FDCPA including but not limited to violation of 15 U.S.C. §1692e and §1692f by publishing false credit information about Plaintiff to Equifax, Experian, and Trans Union; misrepresenting the amount, status and character of Plaintiff's alleged debt and/or collection in the credit information provided to Equifax, Experian, and Trans Union and attempting to collect a debt from Plaintiff that she does not owe because it was discharged in bankruptcy.

WHEREFORE, Plaintiff requests that this Honorable Court:

    a.    Enter judgment in Plaintiff's favor and against each Defendant jointly and severally;
    b.    Appropriate statutory penalties for each violation of the FCRA;
    c.    Actual damages;
    d.    Punitive damages;
    e.    Reasonable attorney's fees and the costs of this litigation;
    f.    Pre-judgment and post-judgment interest at the legal rate;
    g.    Appropriate equitable relief, including the correction of Plaintiff's credit reports; and
    h.    Such other relief as the Court deems equitable, just, and proper.

### **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

VERIFIED COMPLAINT

1   DATED: October 12, 2022

2                                                     */s/ Trinette G. Kent*

3                                                     Trinette G. Kent
                                                    Attorney for Plaintiff

VERIFIED COMPLAINT

1

## **<u>VERIFICATION</u>**

2

3          Plaintiff Donna McCloud declares as follows:

4          1.      I am the Plaintiff in this Verified Complaint.

5          2.      I reside in California.

6

7          3.      I have personal knowledge of myself and my activities, including those

8    set forth in this Verified Complaint. If called to testify, I could and would testify

9    competently and truthfully as to the matters stated in this Verified Complaint.

10          4.      I verify and affirm under penalty of perjury under the laws of the United

11

12   States of America and the State of California that the factual averments in this

13   Verified Complaint concerning myself and my activities are true and correct pursuant

14

15   to 28 U.S.C. § 1746.

16   Executed on:__10/12/2022_____

17

18   _Donna McCloud_____
     ID RJTmTh3RyahtwyPi9JfNGh5R

19   /s/ Donna McCloud, Plaintiff

20

21

22

23

24

25

26

27

28

VERIFIED COMPLAINT

# eSignature Details

**Signer ID:**        **RJTmTh3RyahtwyPi9JfNGh5R**
Signed by:        Donna McCloud
Sent to email:        tom.joanis@att.net
IP Address:        166.205.107.60
Signed at:        Oct 12 2022, 2:43 pm PDT